IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CYRUS DALE STEWART, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:21-CV-617-WHA-SRW |
| | ) [WO] |
| SHERIFF MR. ANDRE BRUNSON, et al., | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Cyrus Stewart, an inmate incarcerated at the Macon County Detention Facility, brings this 42 U.S.C. § 1983 damages action alleging that various conditions of confinement at the facility violate his constitutional rights. Plaintiff names as defendants Sheriff Andre Brunson, Administrator Wayne Ellis, the Macon County Sheriff's Department, and the City of Tuskegee. Upon review, the Court concludes that dismissal of Plaintiff's complaint against the Macon County Sheriff's Department and the City of Tuskegee prior to service of process is appropriate under 28 U.S.C. § 1915A.

**I. STANDARD OF REVIEW**

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this Court to screen complaints filed by prisoners against government officers or employees as early as possible in the litigation. The Court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which states no claim upon which relief can be

granted. 28 U.S.C. §1915A(b)(1) & (2). The Court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) the Court may dismiss a claim as "frivolous where it lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous as a matter of law where the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

The court may dismiss a complaint, or any portion thereof, under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Dismissal under § 1915A(b)(1) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint

must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## II. DISCUSSION

### A.     The Macon County Sheriff's Department

Plaintiff names the Macon County Sheriff's Department as a defendant. The law is settled that

> in order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." *Hale v. Tallapoosa Cty*., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." *Id*. While local governments qualify as "persons" under Section 1983, state agencies and penal institutions are generally not considered legal entities subject to suit. *See Grech v. Clayton Cty*., 335 F.3d 1326, 1343 (11th Cir. 2003).

> Consequently, a county jail [is] not [a] viable defendant[] under Section 1983. *Williams v. Chatham Cty. Sherriff's Complex*, Case No. 4:07-CV-68, 2007 WL 2345243, at *1 (S.D. Ga. Aug. 14, 2007) ("The county jail . . . has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.").

*Bell v. Brown*, 2017 WL 3473845, at *5 (S.D. Ga. Aug. 11, 2017); *see Ex parte Dixon*, 55 So.3d 1171, 1172 n.1 (Ala. 2010) ("Generally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority.").

Based on the foregoing, it is clear the Macon County Sheriff's Department is not a legal entity subject to suit and it is, therefore, due to be dismissed as a defendant under 28 U.S.C. § 1915A(1)(b).

**B.     The City of Tuskegee**

Plaintiff names the City of Tuskegee as a defendant. Section 1983 imposes liability on a municipality such as the City of Tuskegee only if it deprives a plaintiff of rights protected by the Constitution or federal law under an official municipal policy. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Municipal entities such as the City of Tuskegee, however, cannot be held liable under 42 U.S.C. § 1983 on a theory of *respondeat superior*. *Id.* at 694; *Canton v. Harris*, 489 U.S. 378, 385 (1989) (finding "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under 19§83."). Nor may a municipality be held liable under § 1983 simply because it employs a tortfeasor. *See Monell,* 436 U.S. at 691. Rather, "to impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that

constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown,* 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *Canton,* 489 U.S. at 388).

Here, Plaintiff's complaint fails to articulate a theory under which the City of Tuskegee may be held liable under *Monell* and therefore there is no legal basis on which Plaintiff's claims against this Defendant may proceed. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008). Consequently, Plaintiff's claims against the City of Tuskegee are due to be dismissed under 28 U.S.C. § 1915A(1)(b).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Macon County Sheriff's Department be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915A(1)(b);

2. Plaintiff's claims against the City of Tuskegee be DISMISSED without prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915A(1)(b);

3. The Macon County Sheriff's Department and the City of Tuskegee be TERMINATED as parties; and

4. This case be referred to the undersigned for additional proceedings.

It is ORDERED that objections to the Recommendation must be filed **by October 11, 2021.** Any objections filed must specifically identify the findings in the Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo*

determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 24th day of September, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge